IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONAS ROBERT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 11-234 |
| | ) Judge Nora Barry Fisher/ |
| THELMA WALLS and C/O ROLL, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants | ) |
| | ) |
| | ) Re: ECF No. 1 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 1 be denied because Plaintiff has accumulated three strikes.

### II. REPORT

Jonas Robert ("Plaintiff"), whose Department of Corrections ("DOC") Identification Number is JA-4708, is also known as "Jonas Roberts".[1] Plaintiff was erroneously granted leave

---

[1] See, e.g., Jonas Roberts v. Hassack, No. 2:10-cv-735 (W.D. Pa.) (identifying himself as "Jonas Roberts"); Jonas Robert v. Coleman, No. 2:10-cv-759 (W.D. Pa.) (identifying himself as "Jonas Robert"). Both cases indicate that the DOC identification number for the plaintiff in each case is "JA-4708" which is the same identification number used by Plaintiff in the case at bar. The Court takes judicial notice of the fact that DOC identification numbers are unique to an individual prisoner, *i.e.*, no two prisoners have the same identification number. See also the DOC Inmate Locator website, indicating that Plaintiff's date of birth is 4/14/1979 and that the convictions for which he is currently serving arose out of Lackawanna County, which website is available at:

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(Site last visited 3/10/2011). The Court takes judicial notice of the criminal dockets of the Lackawanna County Court of Common Pleas in Plaintiff's three criminal cases, arising out of that
(footnote continued on next page. . .)

to proceed *in forma pauperis* ("IFP") and contemporaneously with the filing of this Report, the order erroneously granting him leave to proceed IFP is being vacated. Plaintiff is a prisoner who has filed several other prisoner lawsuits in the past, wherein he used different versions of his last name of "Robert" or "Roberts" in order to file the suit. As a consequence of his past filings, he has, prior to the filing of the case at bar, acquired "three strikes" within the meaning of 28 U.S.C. § 1915(g), and therefore, he is not permitted to proceed *in forma pauperis* ("IFP") in this case. Accordingly, Plaintiff's motion for leave to proceed IFP, ECF No. 1, should have been denied.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence."). Plaintiff has failed to carry that burden.

Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. §

---

County: 1) Commonwealth v. Jonas Roberts, No. CP-35-CR-0000837-2006, available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-35-CR-0000837-2006

(Site last visited 3/10/2011); 2) Commonwealth v. Jonas Roberts, No. CP-35-CR-0001056-2007, available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-35-CR-0001056-2007

(Site last visited 3/10/2011) and 3) Commonwealth v. Jonas Roberts, No. CP-35-CR-0001138-2008, available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-35-CR-0001138-2008

(Site last visited 3/10/2011).

1915(g).[2] The Court takes judicial notice[3] of the following cases. The first strike is <u>Jonas Roberts v. District Attorney's Office</u>, No. 4:06-cv-1828 (M.D.Pa., ECF No. 13, Report, recommending pre-service dismissal of the suit for failure to state a claim upon which relief can be granted, and ECF No. 15, order adopting report, filed 1/3/2007). The second strike is <u>Jonas Roberts v. C/O Hassack</u>, No. 10-735 (W.D. Pa. ECF No. 18, Report recommending motion to dismiss complaint be granted for failure to state a claim upon which relief can be granted, and ECF No. 19 order adopting Report).[4,5] The third strike is <u>Jonas Robert v. Brian Coleman</u>, No.

---

[2] <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[3] <u>DiNicola v. DiPaolo</u>, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).

[4] The order, adopting the Report was filed on December 28, 2010 and, because no appeal was filed, became final 30 days later, <i>i.e.</i>, January 27, 2011, and, as of that date, the case counted as a strike. <u>Lopez v. U.S. Dept. of Justice</u>, 228 F.App'x 218, 218 (3d Cir. 2007) ("A dismissal does not qualify as a "strike" for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.").

[5] The Court is aware of cases holding that dismissals for failure to exhaust do not constitute a "strike." See, e.g., <u>Turley v. Gaetz</u>, 625 F.3d 1005, 1013 (7th Cir. 2010) ("The dismissal of an action for failure to exhaust therefore does not incur a strike."); <u>Green v. Young</u>, 454 F.3d 405 (4th Cir. 2006); <u>Owens v. Isaac</u>, 487 F.3d 561, 563 (8th Cir. 2007). But <u>cf.</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007) ("that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."). However, those cases have no applicability herein because <u>Jonas Roberts v. C/O Hassack</u>, No. 10-735 (W.D. Pa.) was not dismissed for a mere failure to exhaust, but rather because Plaintiff procedurally defaulted his claims, which was, in effect, a dismissal with prejudice. A dismissal for procedural default constitutes a dismissal with prejudice, <i>i.e.</i>, a determination that the suit is permanently barred. See <u>McNary v. Farley</u>, 16 F.3d 1225 (Table), 1994 WL 59278, **3 (7th Cir. 1994) ("Ordinarily, when a district court concludes that a petitioner's claims are barred by the doctrine of procedural default the petition is dismissed with prejudice."); <u>Thompson v. Champion</u>, 996 F.2d 311 (Table), 1993 WL 170924, *3 (10th Cir. 1993) ("We do not understand why the magistrate judge recommended dismissal without prejudice. If federal habeas review of Petitioner's claim is barred by his state procedural default, or if Petitioner's claims are without merit, the petition should be dismissed with prejudice."). <u>Cf.</u> <u>Owens v. Isaac</u>, 487 F.3d at 563 ("The first case was dismissed without prejudice for failure to exhaust administrative

(footnote continued on next page. . .)

10-cv-759 (W.D. Pa., ECF No. 20, report recommending that the motion to dismiss complaint be granted for failure to state a claim upon which relief can be granted, and ECF No. 22, order adopting Report, filed 11/17/2010). Thus, at the time Plaintiff filed this suit, which, pursuant to the prisoner mail box rule,[6] the Court deems to be February 18, 2011, (the date on which Plaintiff

---

remedies; such a dismissal is not a strike under section 1915(g).").
    Specifically, in Jonas Roberts v. C/O Hassack, No. 10-735 (W.D. Pa.), the Court granted the Defendants' motions to dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6), wherein they had argued that Plaintiff had procedurally defaulted his claims by failing to properly exhaust. Id. (ECF No. 9 at 7) ("Since it is now too late for plaintiff to cure the lack of exhaustion as to any of his grievances, his claims are procedurally defaulted as well."). In the Report, the Court held that "[i]n the case at bar, Plaintiff procedurally defaulted all of his claims by failing to timely appeal to final review." Id., ECF No. 18 at 7.
    As succinctly explained by one Court:

> Failure to exhaust administrative remedies is often a temporary, curable, procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting [sic] his suit (in the event the administrative claim fails to afford him the desired relief). That is no doubt why the district court dismissed Snider's complaint "without prejudice." We do not think that Section 1915(g) was meant to impose a strike upon a prisoner who suffers a dismissal because of the prematurity of his suit but then exhausts his administrative remedies and successfully reinstitutes it.
>     For the foregoing reasons, we believe that "fail[ure] to state a claim," as used in Sections 1997e(c) and 1915(g) of the PLRA, does not include failure to exhaust administrative remedies-**at least absent a finding that the failure to exhaust permanently bars the suit**.

Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999) (emphasis added) (citations omitted). This is exactly what happened in Jonas Roberts v. C/O Hassack, No. 10-735 (W.D. Pa.); the case was dismissed based upon Plaintiff's procedural default, i.e., a finding that Plaintiff's failure to properly exhaust his administrative remedies permanently barred the suit. Accordingly, the dismissal in Jonas Roberts v. C/O Hassack, No. 10-735 (W.D. Pa.), counts as a strike. This same reasoning applies equally to Jonas Robert v. Coleman, No. 10-cv-759 (W.D. Pa. R&R, ECF No. 20 at 8) ("In the case at bar, Plaintiff procedurally defaulted his claims by failing to appeal the denial of his grievances within the mandatory time period."), which is Plaintiff's third strike.

[6] The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton,
(footnote continued on next page...)

signed his complaint and not February 22, 2011, the date on which this case was docketed by the Clerk's office), he had already accumulated three strikes. See, e.g., Lopez v. U.S. Dept. of Justice, 228 F.App'x 218, 218 (3d Cir. 2007) ("By its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner files his or her complaint. Thus, only the strikes actually earned up to that time [i.e., at the time of the filing of the new case] are relevant.") (citations omitted).

Accordingly, Plaintiff is not permitted to proceed IFP, unless the complaint reveals that Plaintiff was in imminent danger of serious physical injury, and we measure this danger as of the time the complaint was filed. Abdul-Akbar, 239 F.3d at 313.

We find that none of the allegations contained in the complaint, which concern events involving two incidents, evidence imminent danger of serious physical injury. One incident concerns Thelma Wall, who, on July 26, 2010, allegedly removed $70.00 from Plaintiff's trust account in order to pay Court filing fees for Jonas Roberts v. C/O Hassack, No. 10-735 (W.D. Pa.). The second incident concerns Plaintiff's complaint that Defendant Roll took away ten books from Plaintiff at some time which the complaint does not specify. However, Plaintiff included a copy of a grievance that he purportedly filed which appears to indicate that Defendant Roll took the

---

134 F.3d 109, 113 (3d Cir 1998). See also United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). The prisoner mail box rule has been applied not only to habeas petitions but has been expanded to civil rights complaints as well. Sulik v. Taney County, 316 F.3d. 813, 815 (8th Cir. 2003) (collecting cases). In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, the court generally deems the complaint to have been filed on the date he signed his civil rights complaint. See Henshaw v. Commissioner, Dept. of Corr., No. 99-848-SLR, 2000 WL 777868, at *3 (D. Del. June 8, 2000); Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) ("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

books some time prior to June 18, 2010. ECF No. [1] at 2 ("However on 6/18/10 you were replying to my grievance mentioning that C/O Roll told Cpt. Berrie [sp?, somewhat illegible] that the book he had taken from me were [sic] in my property."). These allegations do not involve **any** danger of physical injury. Hence, Plaintiff cannot proceed IFP in this case.7 Hence, because the allegations fail to show any danger of physical injury, Plaintiff cannot proceed IFP.

Accordingly Plaintiff's motion for leave to proceed IFP should be denied.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: March 14, 2011

cc:
    **JONAS ROBERTS**
    JA-4708
    SCI Fayette
    Box 9999
    50 Overlook Drive
    LaBelle, PA 15450-1050

---

7 Moreover, even if the allegations had evidenced risk of physical injury, the fact that the events transpired some six to seven months prior to the filing of the case would certainly fail to meet the requirement that the danger of physical injury be imminent. See **Error! Main Document Only.Abdul-Akbar**, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").